IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BRANDY HIGDON, | § | |
|     Plaintiff | § | |
| | § | |
| -v- | § | Civil No. 3:09cv01218 |
| | § |     ECF |
| SC REHABILITATION, LTD., SENIOR | § | |
| CARE MANAGEMENT, INC., and DON | § | |
| MILLER, | § | |
|     Defendants | § | |

PLAINTIFF'S ORIGINAL COMPLAINT

TO THE HONORABLE UNITED STATES DISTRICT COURT JUDGE:

    NOW COMES Brandy Higdon, and files this, her Plaintiff's Original Complaint.

I.
SUMMARY

    Defendants employed Plaintiff as a therapy technician and certified nursing assistant. Plaintiff worked in excess of forty hours per workweek but was not paid overtime at one and one-half times her regular rate of pay for hours worked over forty in a workweek. This practice violates the Fair Labor Standards Act of 1938. Plaintiff is owed overtime pay as well as liquidated damages.

II.
JURISDICTION

    1.    This Court has original jurisdiction to hear this complaint and to adjudicate the claims stated herein under 28 U.S.C. § 1331, this action being brought under the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq. ("FLSA").

## III.
## PARTIES

2. Defendant SC Rehabilitation, Ltd. ("SC Rehabilitation") is a corporation. SC Rehabilitation is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

3. Defendant Senior Care Management, Inc. ("Senior Care Management") is a corporation. Senior Care Management is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1).

4. Defendant Don Miller ("Miller") is the owner of SC Rehabilitation and Senior Care Management. Miller is an "employer" within the meaning of FLSA, 29 U.S.C. § 203(d), an "enterprise" within the meaning of FLSA, 29 U.S.C. § 203(r), and "engaged in commerce" within the meaning of FLSA, 29 U.S.C. § 203(s)(1). Miller is a director of SC Rehabilitation and Senior Care Managment who exercised operational control over SC Rehabilitation and Senior Care Management.

5. Plaintiff Brandy Higdon ("Higdon") works as therapy technician and certified nursing assistant for Defendants in Waxahachie, Ellis County, Texas. Higdon has been "engaged in commerce" as required by the FLSA, 29 U.S.C. §§ 206-07. Higdon's consent form is attached as Exhibit A.

IV.
FACTUAL ALLEGATIONS

6. Plaintiff was employed by Senior Care Management and SC Rehabilitation. Both Senior Care Management and SC Rehabilitation shared common ownership. Both corporations operate 3650 South IH-35, Waxahachie, Texas 75165.

7. Defendants had Plaintiff clock in under one entity and then clock out after she had worked eight hours. Defendants would then have Plaintiff clock in under the other entity for extra work performed.

8. Plaintiff was issued separate paychecks, despite the common nature of the enterprise.

9. Plaintiff was never paid overtime hours, despite working in excess of forty hours in workweeks.

10. These practices violate the provisions of the Federal Fair Labor Standards Act, 29 U.S.C. § 201 et seq., specifically § 207(a)(1). As a result of these unlawful practices, Plaintiff suffered a loss of wages.

11. Defendants showed reckless disregard for the fact that their failure to pay Plaintiff overtime compensation was in violation of these laws. Defendants' actions in violating the FLSA were willful. Defendants failed to act in good faith to comply with the FLSA.

12. In violating the law, Defendants gained an unfair competitive advantage by paying less in labor costs than what was legally owed.

13. All conditions precedent to the bringing of this suit have been satisfied or fulfilled.

V.
JURY DEMAND

14. Plaintiff exercises her right to a jury.

VI.
PRAYER FOR RELIEF

WHEREFORE, Plaintiff and all employees similarly situated who join in this action demand:

1. Judgment against Defendants for an amount equal to Plaintiff's unpaid back wages at the applicable overtime rate;

2. Judgment against Defendant that its violations of the FLSA were willful;

3. An equal amount to the overtime and minimum wage damages as liquidated damages;

4. To the extent that liquidated damages are not awarded, an award of prejudgment interest;

5. All costs and attorney's fees incurred prosecuting these claims;

6. Leave to add additional Plaintiffs by motion, the filing of written consent forms, or any other method approved by the Court;

7. Leave to amend to add claims under applicable state laws; and

8. For such further relief as the Court deems just and equitable.

Respectfully submitted,
ROB WILEY, P.C.


/ s / *Robert J. Wiley*
Robert J. Wiley
Texas Bar No. 24013750
*Board Certified in Labor and Employment Law*
*Texas Board of Legal Specialization*
Hannah E. Cummings
Texas Bar No. 24065103
1825 Market Center Blvd., Suite 385
Dallas, Texas  75207
Telephone: (214) 528-6500
Facsimile:  (214) 528-6511
Attorneys for Plaintiff